UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAYO FELIPE COSTA DONDONI,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; PATRICIA HYDE, Field Office Director, U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; and KRISTI L. NOEM, U.S. Secretary of Homeland Security,<br><br>Respondents. | Civil Action No. 1:25-cv-13438-IT |

MEMORANDUM & ORDER

December 3, 2025

TALWANI, D.J.

On November 18, 2025, Petitioner Kayo Felipe Costa Dondoni filed a Petition for Writ of Habeas Corpus [Doc. No. 1] with this court. Petitioner contends that he was arrested by U.S. Immigration and Customs Enforcement ("ICE") on November 18, 2025. Pet. ¶ 2 [Doc. No. 1]. He alleges, and Respondents do not contest, that, Petitioner is currently detained at the "Plymouth County Correctional Facility" in Plymouth, Massachusetts. Pet. ¶¶ 3, 24 [Doc. No. 1]; Resp'ts' Opp'n 3–4 [Doc. No. 8]. Petitioner contends that he "is subject to detention, if at all, pursuant to 8 U.S.C. § 1226(a)" and that "under 8 U.S.C. § 1226(a), Petitioner must, upon his request, receive a custody redetermination hearing[.]" Pet. ¶¶ 14–15. Petitioner requests such a bond hearing and asserts that his request has not been taken up by the Immigration Court.

Id. ¶¶ 30–31. Petitioner alleges that Respondents' denial of either a bond or individualized hearing constitutes a denial of due process under the Fifth Amendment. Id. ¶¶ 33–45.

Respondents request that the court deny the Petition, arguing that Petitioner was "detained pursuant to 8 U.S.C. § 1231(a)(6) because he has been ordered removed from the United States by an Immigration Judge[.]" Resp'ts' Opp'n 2 [Doc. No. 8]. Respondents assert that Petitioner's detention is mandatory during the 90-day removal period described in § 1231(a)(1)(A) and Petitioner is not entitled to a bond hearing. Id. at 7–10; Chan Decl. ¶ 14 [Doc. No. 9].

I. Background

Petitioner is a Brazilian national who has resided in the United States since 2021. Resp'ts' Opp'n 2 [Doc. No. 8]. Petioner was initally detained upon entry to the United States on December 6, 2021. See Chan Decl. ¶¶ 7–8 [Doc. No. 9]. He was released that same day on interim parole. Id. ¶ 8. Petitioner, along with his family, timely filed for asylum. See Pet.'s Reply, Ex. 1 at 35 [Doc. 10-1]. On February 12, 2022, ICE issued a Notice to Appear to Petitioner and the Boston Immigration Court commenced removal proceedings. See Chan Decl. ¶ 9 [Doc. 9]. On January 8, 2025, Petitioner's application for Special Immigrant Juvenile status was approved, along with deferred action. See Pet.'s Reply, Ex. 1 at 9 [Doc. 10-1].

Petitioner and his family's asylum application was rejected on February 12, 2025. See id., Ex. 1 at 35. Thereafter, Petitioner filed a Motion to Sever his case from that of his family's case and a Motion to Remand the Immigration Judge's rejection of asylum on the basis of Petitioner's Special Immigrant Juvenile status determination. See id. On November 3, 2025, Board of Immigration Appeals ("BIA") denied Petitioner's motions and dismissed Petitioner's family's aslyum appeal. See id. On November 10, 2025, Petitioner appealed the BIA's decision to the

2

First Circuit and requsted that removal proceedings be stayed during the pendency of the appeal. See Braqa-Alves v. Bondi, Petition for Review and Emergency Motion to Stay Removal, No. 25-2103 (1st Cir. Nov. 10, 2025). On November 12, 2025, the First Circuit granted a ten-day administrative stay of Petitioner's removal. Braqa-Alves v. Bondi, Order and Emergency Motion to Stay Removal, No. 25-2103 (1st Cir. Nov. 12, 2025).

On November 18, 2025, ICE ordered Petitioner to attend an appointment at ICE offices in Burlington, Massachussetts. See Pet.'s Reply, Ex. 1 at 41 [Doc. 10-1]. When Petitioner arrived at ICE offices in Burlington, ICE detained him and subsequently transferred Petitioner to the Plymouth County Correctional Facility. See Chan Decl. ¶¶ 14–16 [Doc. 9] (describing ICE as "encounter[ing]" Petitioner).

On November 24, 2025, the First Circuit granted Petitioner's Motion for Stay of Removal. See Braqa-Alves, et al v. Bondi, No. 25-2103, Order (1st Cir. Nov. 24, 2025) ("As to [Petitioner], the motion is allowed, and his removal is stayed. If [his] petition for review is denied . . . the stay of removal will expire when mandate issues."). Petitioner remains detained at the Plymouth County Correctional Facility. Pet. ¶¶ 3, 24 [Doc. No. 1].

II.     Discussion

Petitioner and Respondents dispute the statutory authority for Petitioner's detention by ICE. Whereas Petitioner asserts the basis as the pre-removal statute, 8 U.S.C. 1226(a), see Pet. ¶¶ 29–31 [Doc. No. 1], Respondents contend that Petitioner is detained pursuant to the post-removal statute, 8 U.S.C. § 1231(a)(6), because he has been ordered removed from the United States by an Immigration Judge, Resp'ts' Opp'n 2 [Doc. No. 8], and because ICE has the authority to arrest and detain an alien with a removal order "beyond the removal period" if the individual is inadmissible to the United States under 8 U.S.C. § 1182(a)(6)(A)(i), id. at 7.

3

The relevant statutory provisions govern ICE's ability to detain noncitizens at different stages in immigration proceedings. Section 1226, titled "Apprehension and detenion of aliens," applies to noncitizens for whom a "decision on whether the alien is to be removed from the United States [is pending]." 8 U.S.C. § 1226(a). When such a decision is "pending," ICE has discretionary authority to detain the noncitizen but must provide a bond hearing before an immigration judge to the noncitizen upon request. See id.; 8 C.F.R. § 236.1(c)(8).[1]

After a decision regarding removability is rendered, and noncitizen is "ordered removed," a different provision, Section 1231, "Detention and removal of aliens ordered removed," applies. 8 U.S.C. § 1231. Under the latter provision, ICE is required to take several steps within a ninety-timeframe, known as the "removal period." 8 U.S.C. § 1231(a)(1)(A). First, ICE is required to remove the noncitizen during this nintey-day timeframe. Id. ("[T]he Attorney General shall remove the alien[.]" (emphasis added). Second, ICE must detain the noncitizen while the agency works on effectuating the removal during the ninety-day removal period. See 8 U.S.C. § 1231(a)(2)(A) ("[T]he Attorney General shall detain the alien.") (emphasis added). If the noncitizen does not leave the United States voluntarily or is not removed by ICE during the ninety-day period, the statute provides for a form of supervised release of the noncitizen. See 8 U.S.C. § 1231(a)(3).[2]

---

[1] There are certain conditions, none alleged to be relevant here, in which ICE is required to detain the noncitizen during removal proceedings and the noncitizen is not entitled to a bond hearing. See 8 U.S.C. § 1226(c).

[2] As Respondents correctly note, Section 1231(a)(6) permits detention beyond the removal period, if the noncitizen is in admissible pursuant to 8 U.S.C. § 1182; removable under § 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4); or has been determined to be a risk to the community or unlikely to comply with the order of removal. Respondents assert that ICE detains Petitioner pursuant to this provision. Resp'ts' Opp'n 7 [Doc. No. 8].

Regarding the commencement of the ninety-day clock or "removal period," the statute states:

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B) (emphasis added).

Given the First Circuit's November 24, 2025 Order staying Petitioner's removal, the "latest" date for beginning the removal period has not yet occurred and will not start until that court issues a "final order." Id. § 1231(a)(1)(B)(ii). Accordingly, Section 1231 is inapplicable to Petitioner.

Instead, 8 U.S.C. § 1226(a) governs Petitioner's detention while the stay remains in place. See Brown v. Lanoie, 2014 WL 12586735, at *2–3 (D.Mass. Aug. 4, 2014) (interpreting both statutory provisions); see also Velasco Lopez v. Decker, 978 F.3d 842, 852 (2d Cir. 2020) ("Detention under § 1226(a) . . . continues until all proceedings and appeals are concluded."); D'Ambrosio v. McDonald, 793 F.Supp.3d 271, 276 (D. Mass. 2025). ("[U]ntil the reviewing court issues its final order, the noncitizen's detention is subject to § 1226(a), not § 1231.").

III. Conclusion

Accordingly, the Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as follows. No later than December 9, 2025, Costa Dondoni must be provided a bond hearing pursuant to 8 U.S.C. § 1226. If the immigration judge declines to conduct a bond hearing, Respondents shall so advise the court by that date so that this court may conduct the bond

hearing. Any decision by the immigration judge to retain Costa Dondoni in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

IT IS SO ORDERED.

December 3, 2025                                                                 /s/ Indira Talwani
                                                                                      United States District Judge